IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PACIFIC THOMAS CORPORATION,<br>dba PACIFIC THOMAS CAPITAL, dba<br>SAFE STORAGE,<br>          Debtor. | Case No. 16-cv-06443-MMC<br><br>Bk. No. 14-54232 MEH<br><br>**ORDER DIRECTING APPELLANT TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION** |

      Before the Court is appellant Randall Whitney's Notice of Appeal, filed in the bankruptcy court on November 2, 2016. Appellant appeals from two orders issued by the Bankruptcy Court on October 18, 2016, which orders approved applications for compensation and reimbursement of expenses.

      As set forth below, it appears appellant has failed to take any step to designate the record on appeal. Under such circumstances, appellant will be ordered to show cause why the above-titled appeal should not be dismissed.

      An "appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented," and must do so "[w]ithin 14 days after . . . the appellant's notice of appeal as of right becomes effective under Rule 8002." See Fed. R. Bankr. P. 8009(a)(1). Under Rule 8002, the instant notice of appeal was effective on the date it was filed, as the docket reflects it was not filed prior to entry of the orders being appealed, see Fed. R. Bankr. P. 8002(a)(2), and the docket reflects no party in the above-titled bankruptcy proceeding filed in the bankruptcy court an order pursuant to Rules 7052, 9023, or 9024, see Fed. R. Bank. P. 8002(b)(1).

As noted, appellant filed his notice of appeal on November 2, 2016.  The docket of the bankruptcy court proceeding, see In re Pacific Thomas Corporation, Case No. 14-54232 MEH, however, contains no entry showing appellant has, at any time thereafter, let alone within the time required by Rule 8009, filed the requisite designation and statement.

"An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."  Fed. R. Bankr. P. 8003(a)(2); see, e.g., In re Champion, 895 F.2d 490, 492 (8th Cir. 1990) (affirming dismissal of bankruptcy appeal, where appellant failed to timely file designation of record on appeal).

Accordingly, appellant is hereby ORDERED TO SHOW CAUSE, in writing and no later than December 30, 2016, why the above-titled appeal should not be dismissed pursuant to Rule 8003(a)(2).

No later than January 13, 2017, appellees shall file any reply to appellant's response.

As of January 13, 2017, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: December 9, 2016

MAXINE M. CHESNEY
United States District Judge