IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PACIFIC THOMAS CORPORATION,<br>dba PACIFIC THOMAS CAPITAL, dba<br>SAFE STORAGE,<br><br>Debtor | Case No. 16-cv-06443-MMC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; DIRECTING APPELLANT TO FILE MOTION FOR LEAVE TO APPEAL** |

By order filed December 9, 2016, the Court directed appellant Randall Whitney to show cause why the above-titled appeal should not be dismissed for failure to timely designate the record on appeal. Before the Court is appellant's Response thereto, to which appellee Kyle Everett has filed an Objection and Reply. Having read and considered the parties' respective written submissions, the Court rules as follows.

The Court finds appellant has sufficiently explained why he did not file, within the time provided by Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure, a designation of the items to be included in the record.[1]

Accordingly, the order to show cause issued December 9, 2016, is hereby DISCHARGED.

In his Objection and Reply, appellee argues that the above-titled appeal should be

---

[1] Subsequent to issuance of the Court's order of December 9, 2016, appellant designated the record, and the Clerk of the Bankruptcy Court thereafter transmitted the record to the Clerk of the District Court.

dismissed for a reason not addressed in the Court's order of December 9, 2016, specifically, that the orders appellant seeks to challenge are interlocutory in nature, and that the Court lacks jurisdiction to review such orders. The Court next addresses this additional issue.

The two orders attached to the notice of appeal grant requests for interim payment of fees and expenses, and, consequently, are interlocutory in nature. See Leichty v. Neary (In re Strand), 375 F.3d 854, 858 (9th Cir. 2004) (holding "awards of interim compensation are tentative, hence reviewable -- and revisable -- at the end of the case") (internal quotation and citation omitted); Callister v. Ingersoll-Rand Financial Corp. (In re Callister), 673 F.2d 305, 307 (10th Cir. 1982) (holding "interim awards [of fees]" are "interlocutory").

A district court has jurisdiction to hear an appeal from an interlocutory order, however, provided the appellant obtains "leave of the court" to appeal. See 28 U.S.C. § 158(a)(3). Where, as here, a party seeking to appeal an interlocutory order has not filed with the notice of appeal a motion for leave to appeal, the district court "may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." See Fed. R. Bankr. P. 8004(d).

In this instance, the Court declines to treat the notice of appeal as a motion for leave, as appellant has not provided in said notice all of the information an appellant is required to include in a motion for leave. See Fed. R. Bankr. P. 8004(b)(1) (setting forth five items that "must" be included in "motion for leave to appeal").[2]

Accordingly, the Court hereby DIRECTS appellant to file, no later than February 3, 2017, a motion for leave that conforms with the requirements set forth in Rule 8004(b)(1). No later than February 17, 2017, appellees shall file any response thereto. As of February 17, 2017, the Court will take under submission the issue of whether to afford

---

[2] The only part of the requisite content provided by appellant is a copy of each of the two interlocutory orders he challenges.

2

1  appellant leave to appeal the subject interlocutory orders.[3]

2  **IT IS SO ORDERED.**

4  Dated: January 17, 2017

                                            MAXINE M. CHESNEY
                                            United States District Judge

---

[3] In the event the Court affords appellant leave to appeal, the Court will, at that time, set a briefing schedule on the merits of the appeal.

3